NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**SEP 8 2023**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESSICA LUNDQUIST,

          Plaintiff-Appellant,

  v.

UNITED STATES OF AMERICA; et al.,

          Defendants-Appellees.

No.   22-55709

D.C. No.
2:20-cv-04980-FMO-AS

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted March 9, 2023
Pasadena, California

Before: GILMAN,** FORREST, and H.A. THOMAS, Circuit Judges.

    Jessica Lundquist appeals the district court's dismissal of her state-law tort claims against three Transportation Security Officers (TSOs). Lundquist alleges that the TSOs falsely imprisoned her and committed trespass to chattels when they required her to undergo a pat-down search at the Hollywood Burbank Airport and

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

refused to let her record the search with her cell phone. We have jurisdiction under 28 U.S.C § 1291. We review the district court's decision under Federal Rule of Civil Procedure 12(b)(6) de novo, and we affirm. *See Ballinger v. City of Oakland*, 24 F.4th 1287, 1292 (9th Cir. 2022).

1. ***Subject-matter jurisdiction.*** Under the law-enforcement proviso of the Federal Tort Claims Act (FTCA), the United States has waived its sovereign immunity for money damages claims arising "out of assault, battery, false imprisonment, false arrest, malicious prosecution, [or] abuse of process" committed by "investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h). The parties disputed whether TSOs fall within the scope of this proviso. However, we recently held that TSOs do "fall within the ordinary meaning of the proviso's definition *of investigative or law enforcement officers*." *Leuthauser v. United States*, 71 F.4th 1189, 1199 (9th Cir. 2023). Accordingly, Lundquist's claims are not barred by sovereign immunity, and we have jurisdiction to consider the merits of her claims.

2. ***False imprisonment.*** Under California law, false imprisonment requires: "(1) the nonconsensual, intentional confinement of a person, (2) without lawful privilege, and (3) for an appreciable period of time, however brief." *Young v. County of Los Angeles*, 655 F.3d 1156, 1169 (9th Cir. 2011) (quoting *Easton v. Sutter Coast Hosp.*, 80 Cal. App. 4th 485, 496 (2000)). Because TSOs are statutorily

2

authorized to screen airline passengers and their property, Lundquist cannot show that the TSOs were "without lawful privilege" to verbally confine her to the security checkpoint area until her pat-down was complete. *See United States v. Aukai*, 497 F.3d 955, 960 n.3, 962–63 (9th Cir. 2007) (en banc) (explaining that "[a]irport screening searches are mandated by a federal law" under 49 U.S.C. § 44901 and finding that an 18-minute detention at a checkpoint for a nonconsensual airport-screening search was "constitutionally reasonable"); *see also* 49 C.F.R. § 1540.107 (prohibiting individuals from entering the sterile area of the airport without submitting to screening and inspection by the Transportation Security Administration).

3. ***Trespass to Chattels.*** Trespass to chattels occurs when "an intentional interference with the possession of personal property *has proximately caused injury*." *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1350–51 (2003) (citation omitted). "A mere momentary or theoretical deprivation of use is not sufficient unless there is a dispossession." *Id.* at 1357 (citation omitted). Because Lundquist alleges only that the TSOs interfered with her ability to use her cell phone, she must demonstrate that the interference was "for a time so substantial that it is possible to estimate the loss caused thereby." *Id.* (citation omitted); *see also id.* ("Short of dispossession, personal injury, or physical damage . . . , intermeddling is actionable only if 'the chattel is impaired as to its condition, quality, or value, or . . . the possessor is deprived of the

use of the chattel for a substantial time.'" (citation omitted)). Accepting Lundquist's allegations as true, the interference with her phone was merely a "momentary . . . deprivation" from when she first requested to record the search and the completion of the pat-down. *See id.* Moreover, the TSOs were likely authorized to prevent Lundquist from using her cell phone during this period because she had not yet cleared the checkpoint, even though the cell phone had cleared screening. *See generally* Restatement (Second) of Torts § 265 (1965) ("One is privileged to commit an act which would otherwise be a trespass to a chattel . . . if he is acting in discharge of a duty or authority created by law to preserve the public safety . . . .").[1]

**AFFIRMED.**

---

[1]Lundquist does not separately challenge the dismissal of her battery claim on appeal, and we do not address it.